UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEN LAUFMAN,

    Plaintiff,

v.                                         CASE NO: 8:07-cv-2171-T-23MSS

PHILLIPS & BURNS, INC.,

    Defendant.

_____/

## **ORDER**

The plaintiff Ken Laufman sues the defendant Phillips & Burns, Inc., pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. (the "FCCPA"), and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"). The defendant moves (Doc. 5) for summary final judgment on the ground that the plaintiff fails to present evidence that the alleged debt at issue is a "consumer debt" under FDCPA and the FCCPA. Alternatively, the defendant moves for partial summary judgment (i.e., for a ruling pursuant to Rule 56(d), Federal Rules of Civil Procedure) on the plaintiff's request for emotional distress damages and punitive damages.

Summary judgment results if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure; see also

Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).  The evidence and the available inferences must be viewed in the light most favorable to the non-moving party.  Steele v. Shah, 87 F.3d 1266, 1269 (11th Cir. 1996).  The movant bears the initial burden of establishing the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  If the movant is successful, the non-moving party must come forward with admissible evidence showing a genuine issue of material fact.  Celotex, 477 U.S. at 324.  "A mere scintilla of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

Consumer debt covered by the FDCPA and FCCPA includes "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5); Fla. Stat. 559.55(1).  The FDCPA allows recovery for emotional distress as an element of actual damages,[1] and the FCCPA gives the court discretion to award punitive damages if the defendant acted with malicious intent.[2]

The defendant's motion for summary final judgment is due to be denied.  The plaintiff states in his affidavit (Doc. 11-2 ¶ 4)  that the alleged debt at issue here "arises

---

[1]  See McGrady v. Nissan Motor Acceptance Corp., 40 F. Supp. 2d 1323, 1338 (M.D. Ala. 1998).

[2]  Fla. Stat. § 559.77(2); Tallahassee Title Co. v. Dean, 411 So.2d 204, 205 -206 (Fla. 1st DCA 1982) (reversing award of punitive damages under the FCCPA because the evidence at trial failed to show malice, that is, "a wrongful act done to inflict injury or without a reasonable cause or excuse.").

from the use of my Visa credit card with Home Federal Saving Bank." See also Doc. 10-2 at 29-30. Additionally, the defendant's president, Bradly Spoor ("Spoor"), states in his deposition[3] that (a) the defendant purchases consumer debts, but not business debts (Doc. 10-2 at 14-15); (b) the debt at issue here is a credit card debt (Doc. 10-2 at 63); (c) the defendant purchased Laufman's debt from Madison Street Investments ("Madison"), a company from which the defendant purchases "mainly" credit card debts; and (d) the credit card debts the defendant purchases from Madison are all debts arising from household and family purchases, not business-related debts (Doc. 10-2 at 21- 22). This testimony suffices to create a triable issue as to whether the alleged debt falls within the FDCPA and FCCPA's broad definition of consumer debt.

Viewed in the light most favorable to the plaintiff, the record also includes some evidence that the plaintiff suffered emotional distress[4] and some evidence of malicious intent, including evidence that the defendant told the plaintiff and his eight-year-old daughter that the county sheriff was coming to arrest the plaintiff for his delinquent

---

[3] When the defendant moved for summary judgment on December 12, 2007, Spoor had not yet been deposed. Spoor was deposed on December 21, 2007 (Doc. 10-2).

[4] In his affidavit, the plaintiff states (Doc. 11-2 ¶ 6) that the defendant's "conversations with me and especially with my young daughter that made her cry, made me very upset and caused me emotional distress, including anxiety and anger." Additionally, in his deposition the plaintiff states (Doc. 5-2 at 30) that, although ordinarily the defendant's dunning telephone calls would not have disturbed him ("Normally I would've let this [go] like water off a duck's back"), the plaintiff became "mad enough" when the defendant included the plaintiff's daughter in the harassment and told her "the sheriff was coming." The plaintiff also deposed that he believed he sustained no "emotional damage" from the defendant's conduct ("I did not. I hear this maybe once a month from somebody on . . . or giving me the finger on the freeway."). However, this testimony by a non-lawyer about a legal term of art ("emotional damage") does not so clearly contradict the plaintiff's later affidavit as to require that the affidavit be disregarded. See Van T. Junkins and Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."); Thomas v. Alabama Council on Human Relations, Inc., 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003).

debt.[5]  Accordingly, the defendant is not entitled to a ruling pursuant to Rule 56(d) that the plaintiff suffered no emotional distress damages and cannot recover punitive damages.  The motion (Doc. 5) is **DENIED**.

ORDERED in Tampa, Florida, on January 22, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[5]  See Doc. 1-35 ¶ 3 (the plaintiff's state-court affidavit in support of punitive damages) (the defendant "[told] me the County Sheriff is coming to arrest me but if I pay the amount he could stop the arrest."); Doc. 5-2 at 29 (the plaintiff's crying daughter told the plaintiff after receiving a dunning call, "The sheriff's coming and they're really mad.").